UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOHN THOMAS,

                        Plaintiff,

                                                                                                DECISION AND ORDER
       -v-                                                                                    10-CV-6510 CJS

AMERICAN RED CROSS, DAVID WEAVER,
JILL HUFF, and DEBORAH RAGGO,

                        Defendants.

_____

APPEARANCES

For Plaintiff:                      Michael Cobbs, Esq.
                                    Brown & Hutchinson
                                    925 Crossroads Building
                                    Two State Street
                                    Rochester, New York 14614

For Defendants:               Linda T. Prestegaard, Esq.
                                    Phillips Lytle LLP
                                    28 East Main Street
                                    1400 First Federal Plaza
                                    Rochester, New York 14614

                                    Lucretia C. Clemons, Esq.
                                    Rebecca Lynn Massimini, Esq.
                                    Ballard Spahr LLP
                                    1735 Market Street, 51st Fl.
                                    Philadelphia, Pennsylvania 19103

INTRODUCTION

    John Thomas ("Plaintiff") is a black male who is suing his former employer and supervisors ("Defendants") for discrimination, on the basis of his race and gender, and retaliation. He commenced the action in New York State Supreme Court, Monroe County,

with the filing of a Summons With Notice, which he later amended. Defendants removed the action to this Court, and moved to dismiss the Amended Summons With Notice pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). Plaintiff responded by cross-moving to remand the action to state court, or in the alternative, to file a Proposed Complaint in lieu of the Amended Summons With Notice. For the reasons that follow, Defendants' motion to dismiss is denied as moot, Plaintiff's motion to remand is also denied, and Plaintiff's motion to amend is granted in part and denied in part.

## BACKGROUND

Unless otherwise noted, the following facts are taken from the Amended Summons With Notice and the Proposed Complaint. On June 29, 2010, Plaintiff commenced this action against the American Red Cross ("Red Cross") with the filing of a Summons With Notice, which indicated that he was suing for "employment discrimination and civil rights arising out of the defendants' discriminatory and unlawful firing of Plaintiff on or about June 2, 2009." (Docket No. [#7-2] at 2). The Summons With Notice further indicated that the alleged discrimination was based on "race and gender."[1] On August 6, 2010, Plaintiff filed and served an Amended Summons With Notice, which added David Weaver ("Weaver"), Jill Huff ("Huff"), and Deborah Raggo ("Raggo") as defendants, and which added an allegation concerning unspecified "discriminatory treatment of plaintiff in terms of promotion, job opportunities and discipline during his employment." (Docket No. [#7-3] at 2). Apart from referencing the termination of Plaintiff's employment on June 2, 2009, the Amended Summons With Notice does not indicate the date of the alleged discriminatory acts, nor does it indicate how any of the defendants were involved. Neither the Summons With Notice nor

---

[1] It is unclear whether Plaintiff ever served Red Cross with this original Summons with Notice.

the Amended Summons With Notice indicates that the action is being brought under a particular statute or common-law theory.

After service of the Amended Summons With Notice, Plaintiff did not file or serve a complaint, nor did Defendants request one. Instead, on Tuesday, September 7, 2010, Defendants filed a Notice of Removal [#1], removing the action to this Court. Removal was based on federal question jurisdiction, pursuant to 36 U.S.C. § 300105(5), which is "a provision of the [Red Cross's] federal charter that grants it the power to 'sue and be sued in courts of law and equity, State or federal, within the jurisdiction of the United States.'" (Docket No. [#1] at ¶ 2). Such removal occurred thirty-two calendar days after Defendants were served with the Amended Summons With Notice. However, in that regard, the Court takes judicial notice of the fact that the thirtieth day following such service was September 5, 2010, a Sunday, and that the thirty-first day was Monday, September 6, 2010, which was Labor Day.

On September 14, 2010, Defendants filed the subject motion to dismiss, under FRCP 12(b)(6), on the grounds that the Amended Summons With Notice fails to state a claim.[2] In that regard, Defendants contend that the document's vague references to his "discriminatory and unlawful firing" and other "discriminatory treatment" do not state a plausible claim for relief.[3] Additionally, Defendants state that, "[t]o the extent[4] plaintiff purports to bring a claim

---

[2] Thus, this case is unusual in that it involves a 12(b)(6) motion to dismiss a summons with notice, instead of a complaint.

[3] See, Defs. Memo of Law [#2-3] at 4.

[4] As noted above, the Amended Summons With Notice does not indicate the statutory or common-law basis for the action, so Defendants made this argument in the event that Plaintiff might be attempting to assert a Title VII claim.

3

. . . pursuant to Title VII of the Civil Rights Act of 1964,"[5] such claim must be dismissed because it is untimely, since Plaintiff did not exhaust his administrative remedies, and because the individual defendants cannot be sued under Title VII. With regard to exhaustion of remedies and the timeliness of any Title VII claim, Defendants indicate that Plaintiff's claim would be procedurally barred because he never filed a discrimination complaint with an administrative agency within 300 days of the alleged discriminatory act.

On March 18, 2011, Plaintiff filed the subject cross-motion [#7], for an order remanding the action to state court, or in the alternative, denying Defendants' motion and permitting him to file an amended pleading. In support of the application to remand, Plaintiff contends that Defendants failed to remove the action within thirty days of being served with the Amended Summons With Notice.[6] With regard to the Proposed Complaint, the first cause of action purports to state a claim for disparate-treatment discrimination, on the basis of race and gender, under New York Executive Law § 296 ("Executive Law § 296"); the second cause of action purports to state a claim of disparate treatment discrimination, on the basis of race, under 42 U.S.C. § 1981 ("Section 1981"); and the third cause of action purports to state a claim for retaliation, without referring to a particular statute.

On April 18, 2011, Defendants filed a memo of law in response to Plaintiff's cross-motion, and in further support of their motion to dismiss. (Docket No. [#9]). In it, Defendants contend the following: 1) their removal of the action from state court was timely, while Plaintiff's motion to remand is untimely; 2) the Amended Summons With Notice fails to state

---

[5]Docket No. [#2-2] at ¶ 11.

[6]Additionally, he indicates that, after Defendants were served with the Amended Summons With Notice, they should have demanded service of a complaint, under the New York Civil Practice Law and Rules ("CPLR"). He also maintains that the Amended Summons With Notice is sufficient by itself to survive dismissal, but that he should be permitted to file his Proposed Complaint in any event.

a claim; and 3) Plaintiff should not be permitted to amend because it would be futile and unduly prejudicial to them.

On April 19, 2011, the Court issued an Amended Motion Scheduling Order [#10], which directed Plaintiff to "file and serve any reply on its cross-motion on or before May 20, 2011." Plaintiff did not file a reply. On September 8, 2011, counsel for the parties appeared before the undersigned for oral argument of the motions. At oral argument, Plaintiff's counsel conceded that the action was timely removed. He also clarified that he is not asserting a Title VII claim, and he agreed that punitive damages cannot be recovered in a claim under Executive Law § 296. On the other hand, Defendants' counsel agreed that, with the elimination of any Title VII claim and any claim for punitive damages under Executive Law § 296, the Proposed Complaint was sufficient to survive dismissal.

Accordingly, it is hereby

ORDERED, that Defendant's motion [#2] to dismiss the Amended Summons With Notice is denied as moot, Plaintiff's cross-motion [#7] to remand is denied, and Plaintiff's cross- motion [#7] to amend is granted in part and denied in part, as follows: The application is denied to the extent that he seeks to plead claims under Title VII or a claim for punitive damages under Executive Law § 296, but is otherwise granted; and it is further

ORDERED, that Plaintiff's Verified Complaint [#7-7] is now the operative pleading in this action, as modified by this Decision and Order.

SO ORDERED.

Dated:     September 9, 2011
           Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge